UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. GREEN,<br><br>    Plaintiff,<br><br>    v.<br><br>H. SHIRLEY, *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-00505-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR EXPERTS WITHOUT PREJUDICE<br><br>(ECF No. 33) |

   Plaintiff Michael Green is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that water at Wasco State Prison is contaminated with 1, 2, 3 Trichloropropane (TCP), and that Defendants—employees at Wasco State Prison overseeing health and safety—were deliberately indifferent to his health and safety in violation of the Eighth Amendment when they failed to remedy the problem and exposed Plaintiff to contaminated water. (*See generally* ECF No. 7).

   On February 15, 2024, the Court issued an order requiring the parties to file scheduling and discovery statements. (ECF No. 29). In his statement, Plaintiff asks the Court "to have the use of the toxicology expert and an hygiene expert." (ECF No. 33 at 1). To the extent Plaintiff's statement can be construed as a request for the Court to appoint experts for him, the Court will deny his motion without prejudice for the reasons stated below.

## I. LEGAL STANDARDS

Pursuant to Fed. R. Evid. 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . ." The Court has discretion to appoint a neutral expert pursuant to Rule 706(a) of the Federal Rules of Evidence. *See Students of California Sch. for the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds*, 471 U.S. 148 (1985). In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed . . ." Fed. R. Evid. 706(a); *see also Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999).

Where a party has filed a motion for appointment of a neutral expert witness pursuant to Rule 706, the court must provide a reasoned explanation of its ruling on the motion. *See Gorton v. Todd*, 793 F. Supp. 2d. 1171, 1178–79 (E.D. Cal. 2011). An expert witness may be appropriate if the evidence consists of complex scientific evidence. *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated on other grounds sub. nom.*, *Helling v. McKinney*, 502 U.S. 903 (1991). However, "expert witnesses should not be appointed under Rule 706 where not necessary or significantly useful for the trier of fact to comprehend a material issue in a case . . . [T]here also must be some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony." *Id.* at 1181. The determination to appoint a neutral expert rests solely in the court's discretion. *See McKinney*, 924 F.2d at 1511; *see also Sanders v. York*, 446 F, App'x 40, 43 (9th Cir. 2011).

## II. ANALYSIS

First, to the extent that Plaintiff seeks appointment of an expert witness for his benefit, the Court has no authority to grant him such relief. As stated above, Rule 706(a) of the Federal Rules of Evidence permits the Court to appoint only neutral expert witnesses. *Honig*, 736 F.2d at 549.

Furthermore, "28 U.S.C. § 1915, does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." *Gorton*, 793 F. Supp. 2d at 1184 n.11. Thus, if the Court were able to appoint an expert witness in this action, the expert would be appointed to assist the Court, and not to testify on behalf of Plaintiff or respond to defenses brought by Defendant.

Second, to the extent that Plaintiff seeks appointment of a neutral expert witness, his motion is premature. A neutral expert witness may be necessary where there is "some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony." *Gorton*, 793 F. Supp. 2d at 1181. No such evidence has been filed in this action. At this time, there are no pending matters on which the Court may require special assistance, such as to resolve a motion for summary judgment.

Furthermore, at least at this stage of the proceeding, Plaintiff's Eighth Amendment claim of deliberate indifference to his health and safety does not appear so complex as to require an expert witness to present or prove the case. *See, e.g.*, *Noble v. Adams*, No. 1:03-CV-05407-AWI-SMS (PC), 2009 WL 3028242, at *1 (E.D. Cal. Sept. 16, 2009) (denying plaintiff's request to appoint medical expert witness in section 1983 action because "the issues are not so complex as to require the testimony of an expert"); *Lopez v. Scribner*, 2008 WL 551177, at *1 (E.D. Cal. Feb. 27, 2008) (denying plaintiff's request to appoint medical expert witness in § 1983 action because "the legal issues involved in this action are not particularly complex."); *Hooker v. Adams*, 2007 WL 4239570, at *1 (E.D. Cal. Dec. 3, 2007) (plaintiff's motion for the appointment of an expert witness denied as "the legal issues involved in this action are not particularly complex.").

Accordingly, **IT IS ORDERED** that at this time, Plaintiff's request for the appointment of expert witnesses (ECF No. 33) is denied without prejudice.
IT IS SO ORDERED.

Dated:   **April 11, 2024**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE