UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. GREEN,<br><br>                    Plaintiff,<br><br>          v.<br><br>HEATHER SHIRLEY, et al.,<br><br>                    Defendants. | Case No.   1:23-cv-00505-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS BE DENIED COSTS<br><br>(ECF No. 66)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

### I.    INTRODUCTION

Plaintiff Michael R. Green is a state prisoner proceeding *pro s*e and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case initially proceeded on Plaintiff's Eighth Amendment conditions of confinements claim against Defendants Shirley, Cronjager, and DeGough, stemming from Plaintiff's allegations that the levels of trichloropropane in the water at Wasco State Prison (WSP) were unsafe for consumption.

However, after reviewing the parties' dispositive motions, the Court issued findings and recommendations (ECF No. 63) to deny Plaintiff's motion for partial summary judgment (ECF No. 47) and to grant Defendants' motion for summary judgment (ECF No. 52).  The District Judge adopted those findings and recommendations on December 29, 2025 (ECF No. 64), and entered judgment (ECF No. 65) in Defendants' favor the same day.

Now before the Court are Defendants' bill of costs, filed on January 7, 2026, requesting $1,016.95 for deposition-related expenses. (ECF No. 66). Plaintiff objected to the bill of costs on

January 30, 2026. (ECF No. 68).

For the reasons given below, the Court will recommend that Defendants be denied costs.

**II.      ANALYSIS**

Federal Rule of Civil Procedure 54(d)(1) provides as follows: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). Although the Ninth Circuit has interpreted this "as creating a presumption for awarding costs to prevailing parties," the Rule "also vests in the district court discretion to refuse to award costs." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (citations and internal quotation marks omitted). In determining whether to exercise such discretion, the Ninth Circuit has directed courts to consider a non-exhaustive list of factors: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.* Importantly, "a losing party need not demonstrate that all five factors weigh against imposing costs." *Id.*

As for the first factor—the substantial public importance of the case—[i]ndividual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners," *Id.* at 1088. In this case, although ultimately unsuccessful, Plaintiff raised important issues about the safety of the water at WSP, which weighs against awarding costs to Defendants.

As for the second factor— the closeness and difficulty of the issues in the case—the Court notes that Defendants' motion for summary judgment was resolved, in part, based on Plaintiff's lack of expert opinion to rebut Defendants' expert evidence regarding the safety of WSP's water. (*See* ECF No. 63, pp. 9-18). Accordingly, even though Plaintiff lost this case, there is no indication that Plaintiff filed this lawsuit in bad faith. *See Murray v. Warden*, No. 2:19-CV-2114-DAD-AC, 2023 WL 3168368, at *2 (E.D. Cal. Apr. 28, 2023), *report and recommendation adopted*, 2023 WL 5155800 (E.D. Cal. Aug. 10, 2023) (recommending denial of costs where Plaintiff lost motion for summary judgment, in part, because "[t]here [was] no evidence of bad faith or misconduct in bringing this lawsuit").

As for the third factor—the chilling effect on future similar actions—an award of

$1,016.95 in costs "could chill similar lawsuits challenging Eighth Amendment violations in jails and prisons." *Draper*, 836 F.3d at 1088. This factor weighs in favor of Plaintiff.

Lastly, the fourth and fifth factors— the plaintiff's limited financial resources and the economic disparity between the parties—weigh in Plaintiff's favor.  When Plaintiff initiated this case, he was granted leave to proceed *in forma pauperis*, based in part, on his trust fund statement showing his last available balance at $0.05. (ECF No. 5, p. 3; ECF No. 8). While Plaintiff's balance varied during the period reflected in the statement, it never exceeded $380.12, and frequently was much less, *e.g.*, around $50 to $80. (ECF No. 5). Further, Plaintiff's continued incarceration makes it unlikely that his economic circumstances will improve.

In contrast, Defendants are represented by the California Office of the Attorney General. (*See* ECF No. 15). As the Ninth Circuit has noted, "[t]here is no comparison between [an inmate plaintiff's] limited resources and those of the state of California, which bore the defense costs." *Draper*, 836 F.3d at 1089.

In short, considering all the relevant circumstances in this case, the Court will recommend that Defendants be denied costs. *Murray*, 2023 WL 3168368, at *1 (recommending denial of $1,519.78 in costs associated with taking plaintiff's deposition although court granted summary judgment to defendant).

### III.   CONCLUSION AND RECOMMENDATIONS

For the reasons given above, IT IS RECOMMENDED that Defendants be denied costs. (ECF No. 66).

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\

\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 2, 2026**                        /s/ *Erica P. Grosjean*
                                                                 UNITED STATES MAGISTRATE JUDGE